FILED
2009 Apr-15  PM 04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

```
===========================================================================
                    ALABAMA JUDICIAL DATA CENTER        CV 2009 900038.00
                        CASE ACTION SUMMARY
                          CIRCUIT CIVIL


 JUDGE: STEVEN D KING
===========================================================================
                 IN THE CIRCUIT COURT OF BLOUNT COUNTY

    BILLY SANDERS V. MIDLAND CREDIT MANAGEMENT, INC. ET AL
===========================================================================
 FILED: 03/16/2009 TYPE: OTHER CV CASE        TRIAL: JURY      TRACK:
===========================================================================
 DATE1:              COURT ACTION:                 CA DATE:
 DATE2:              AMOUNT:          $.00         PAYMENT:
===========================================================================
 PLAINTIFF 001 SANDERS BILLY
               336 CAMPBELL ROAD          ATTORNEY: PHILLIPS WESLEY LEVON
               LOCUST FORK, AL 35097      PHI053    P.O. BOX 130488
                                                    BIRMINGHAM, AL 35213
               PHONE:
 ENTERED: 03/16/2009  ISSUED:             TYPE:            (205)383-3585
 SERVED:              ANSWER:             JUDGMENT:
---------------------------------------------------------------------------
 DEFENDANT 001 MIDLAND CREDIT MANAGEMENT, INC.
               2730 GATEWAY OAKS DRIVE    ATTORNEY: *** PRO SE ***
               SUITE 100
               SACRAMENTO, CA 95833
               PHONE:
 ENTERED: 03/16/2009  ISSUED: 03/16/2009 TYPE: CERTIFIED
 SERVED: 3/20/09      ANSWER:             JUDGMENT:
---------------------------------------------------------------------------
 DEFENDANT 002 TRANS UNION, LLC
               150 S. PERRY STREET        ATTORNEY: *** PRO SE ***
               MONTGOMERY, AL 36104

               PHONE:
 ENTERED: 03/16/2009  ISSUED: 03/16/2009 TYPE: CERTIFIED
 SERVED: 3/18/09      ANSWER:             JUDGMENT:
===========================================================================
 03/16/2009  19:04 | COMPLAINT E-FILED.                             AJA
---------------------------------------------------------------------------
 03/16/2009  19:04 | COMPLAINT - SUMMONS                            AJA
---------------------------------------------------------------------------
 03/16/2009  19:05 | E-ORDER FLAG SET TO "N"               (AVO1)   AJA
---------------------------------------------------------------------------
 03/16/2009  19:05 | FILED THIS DATE: 03/16/2009           (AVO1)   AJA
---------------------------------------------------------------------------
 03/16/2009  19:05 | CASE SCANNED STATUS SET TO: N         (AVO1)   AJA
---------------------------------------------------------------------------
 03/16/2009  19:05 | ASSIGNED TO JUDGE: STEVEN D KING      (AVO1)   AJA
---------------------------------------------------------------------------
 03/16/2009  19:05 | ORIGIN: INITIAL FILING                (AVO1)   AJA
---------------------------------------------------------------------------
 03/16/2009  19:05 | CASE ASSIGNED STATUS OF: ACTIVE       (AVO1)   AJA
---------------------------------------------------------------------------
 03/16/2009  19:05 | JURY TRIAL REQUESTED                  (AVO1)   AJA
---------------------------------------------------------------------------
 03/16/2009  19:05 | SANDERS BILLY ADDED AS C001           (AVO2)   AJA
---------------------------------------------------------------------------
 03/16/2009  19:05 | LISTED AS ATTORNEY FOR C001: PHILLIPS WESLEY LEVO AJA
---------------------------------------------------------------------------
 03/16/2009  19:05 | MIDLAND CREDIT MANAGEMENT, INC. ADDED AS D001    AJA
---------------------------------------------------------------------------
 03/16/2009  19:05 | LISTED AS ATTORNEY FOR D001: PRO SE   (AVO2)   AJA
---------------------------------------------------------------------------
 03/16/2009  19:05 | CERTIFIED MAI ISSUED: 03/16/2009 TO D001 (AVO2) AJA
---------------------------------------------------------------------------
 03/16/2009  19:05 | TRANS UNION, LLC ADDED AS D002        (AVO2)   AJA
===========================================================================
 MAB   03/17/2009                                   CV 2009 900038.00
```

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Midland Credit Management
2730 Gateway Oaks Dr. Inc
Ste 100
Sacramento, CA 95833

CV09-900038 D001

2. Article Number
(Transfer from service label)        7007 0710 0005 6747 3707

PS Form 3811,

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Rhonda Tuck        ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
Rhonda Tuck

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

MAR 20 2009

3. Service Type
   ☑ Certified Mail        ☐ Express Mail
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☑ Yes

Domestic Return Receipt        102595-02-M-1540

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

BELLAMY

D. Is delivery address different from item 1?  ☑ Yes
If YES, enter delivery address below:  ☑ No

MAR 18 2009

USPS

1. Article Addressed to:

*Trans Union LLC*
*150 S. Perry Street*
*Montgomery, Al 36104*

*CV09-900038 D002*

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☑ Yes

2. Article Number
*(Transfer from service label)*    7008 1830 0002 6715 4110

PS Form **3811**, February 2004    Domestic Return Receipt    102595-02-M-1540



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL

IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

BILLY SANDERS v. MIDLAND CREDIT MANAGEMENT, INC. ET AL

08-CV-2009-900038.00

To: CLERK BLOUNT
   clerk.blount@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $13.50**

Parties to be served by **Certified Mail - Return Receipt Requested**

MIDLAND CREDIT MANAGEMENT, INC.          Postage: $6.75
2730 GATEWAY OAKS DRIVE
SUITE 100
SACRAMENTO, CA 95833

TRANS UNION, LLC                         Postage: $6.75
150 S. PERRY STREET
MONTGOMERY, AL 36104

Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**





**AlaFile E-Notice**

08-CV-2009-900038.00

To:  MIDLAND CREDIT MANAGEMENT, INC.
     2730 GATEWAY OAKS DRIVE
     SUITE 100
     SACRAMENTO, CA 95833

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA**

**BILLY SANDERS v. MIDLAND CREDIT MANAGEMENT, INC. ET AL**
**08-CV-2009-900038.00**

The following complaint was FILED on 3/16/2009 7:04:13 PM

Notice Date:     3/16/2009 7:04:13 PM

**MIKE CRISWELL**
**CIRCUIT COURT CLERK**
BLOUNT COUNTY, ALABAMA
220 SECOND AVENUE EAST
ONEONTA, AL 35121

205-625-4153
mike.criswell@alacourt.gov



**AlaFile E-Notice**

08-CV-2009-900038.00

To:  TRANS UNION, LLC
150 S. PERRY STREET
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

**BILLY SANDERS v. MIDLAND CREDIT MANAGEMENT, INC. ET AL**
**08-CV-2009-900038.00**

The following complaint was FILED on 3/16/2009 7:04:13 PM

Notice Date:     3/16/2009 7:04:13 PM

**MIKE CRISWELL**
**CIRCUIT COURT CLERK**
BLOUNT COUNTY, ALABAMA
220 SECOND AVENUE EAST
ONEONTA, AL 35121

205-625-4153
mike.criswell@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>08-CV-2009-900038.00 |
|---|---|---|

## IN THE CIVIL COURT OF BLOUNT, ALABAMA
### BILLY SANDERS v. MIDLAND CREDIT MANAGEMENT, INC. ET AL

**NOTICE TO**   MIDLAND CREDIT MANAGEMENT, INC., 2730 GATEWAY OAKS DRIVE SUITE 100, SACRAMENTO CA, 95833

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 206, Birmingham AL, 35223

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   BILLY SANDERS
pursuant to the Alabama Rules of the Civil Procedure

| 3/16/2009 7:04:13 PM | /s MIKE CRISWELL | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s WESLEY L PHILLIPS
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____            _____
Date                         Server's Signature

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>08-CV-2009-900038.00 |
|---|---|---|

## IN THE CIVIL COURT OF BLOUNT, ALABAMA
## BILLY SANDERS v. MIDLAND CREDIT MANAGEMENT, INC. ET AL

**NOTICE TO**

TRANS UNION, LLC, 150 S. PERRY STREET, MONTGOMERY AL, 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 206, Birmingham AL, 35223

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    BILLY SANDERS
   pursuant to the Alabama Rules of the Civil Procedure

| 3/16/2009 7:04:13 PM | /s MIKE CRISWELL | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s WESLEY L PHILLIPS |
|---|---|
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                    _____
Date                                  Server's Signature

State of Alabama
Unified Judicial System

Form ARCiv-93   Rev.5/99

**COVER SHEET**
**CIRCUIT COURT - CIVIL CASE**
(Not For Domestic Relations Cases)

Case Number:
08-CV-200___

Date of Filing:
03/16/2009

04/15/09 7:04 PM
CV-2009-900038.00
CIRCUIT COURT OF
BLOUNT COUNTY, ALABAMA
MIKE CRISWELL, CLERK

## GENERAL INFORMATION

### IN THE CIRCUIT OF BLOUNT COUNTY, ALABAMA
### BILLY SANDERS v. MIDLAND CREDIT MANAGEMENT, INC. ET AL

First Plaintiff:  ☐ Business  ☑ Individual     First Defendant:  ☑ Business  ☐ Individual
☐ Government  ☐ Other          ☐ Government  ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
    Appeal/Enforcement of Agency Subpoena/Petition to
    Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory
    Judgment/Injunction Election Contest/Quiet Title/Sale For
    Division
☐ CVUD-Eviction Appeal/Unlawful Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☑ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING      A ☐ APPEAL FROM        O ☐ OTHER
                                     DISTRICT COURT

             R ☐ REMANDED           T ☐ TRANSFERRED FROM    _____
                                     OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes  ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   PHI053        3/16/2009 6:54:45 PM            /s WESLEY L PHILLIPS

**MEDIATION REQUESTED:**   ☐ Yes  ☐ No  ☑ Undecided

CV-2009-900038.00
CIRCUIT COURT OF
BLOUNT COUNTY, ALABAMA
MIKE CRISWELL, CLERK

# IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **BILLY J. SANDERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.** | ) | |
| **and TRANS UNION LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for

Plaintiff's Complaint against the Defendants states as follows:

### PARTIES

1.      Plaintiff Billy J. Sanders is a resident of Blount County, over 19 years of age, and

is competent to bring this action.

2.      Defendant Midland Credit Management, Inc. (hereinafter "Midland") is a

Kansas corporation with its principal place of business located in San Diego, California and was

doing business in Blount County, Alabama at all times material to this Complaint.

3.      Defendant Trans Union LLC (hereinafter "Trans Union") is registered in

Delaware with its principal place of business located in Chicago, Illinois and was doing business in

Blount County, Alabama at all times material to this Complaint.

### FACTUAL ALLEGATIONS

4.      In June, 2008, Defendant Midland sued Plaintiff in the District Court of Blount

County, Alabama, with a case number of DV-2008-900040.

5.      In this suit, Defendant Midland, asserted it was the owner of a certain debt allegedly owed by Plaintiff and asserted it was owed $6143.08.

6.      Defendant Midland asserted only account stated as its theory of recovery against Plaintiff.

7.      Defendant Midland forwent recovery under other theories such as breach of contract and open account.

8.      In various correspondence Defendant Midland claimed Plaintiff owed it $6143.08.

9.      Plaintiff denied and disputed the debt.

10.     After being sued, Plaintiff filed an Answer denying the allegations claimed by Defendant Midland.

11.     The District Court set the case for trial on October 14, 2008.  Notice was sent to Defendant Midland and Plaintiff.

12.     The case was tried on October 14, 2008, and based upon a stipulation of facts between Defendant Midland and Plaintiff, a bench verdict was rendered in favor of Plaintiff Billy Sanders in the District Court action.

13.     Defendant Midland failed to file for an appeal of the District Court verdict within time period required for filing an appeal.

14.     When the time for appeal ran, the District Court verdict was a final adjudication on the merits.

15.     Defendant Midland is not the owner of this alleged debt.

16.     Defendant Midland reported to the credit reporting agencies that Plaintiff owed this money and was in default.

17.     Plaintiff did not owe this money to Defendant Midland.

18.     The debt being collected is a consumer debt as defined by the FDCPA.

19.     Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

20.     Defendant Midland is a "debt collector" as defined by the FDCPA.

21.     After the verdict at trial by the District Court and the time for appeal ran without Defendant Midland filing an appeal, Plaintiff sent a letter to Trans Union requesting an investigation of the Midland account that still appeared on Plaintiff's credit reports.

22.     Plaintiff requested the Midland account be deleted, as Plaintiff did not owe said account.

23.     Plaintiff requested Defendant Trans Union to contact the Defendant Midland's attorney or the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that this account should be immediately deleted from his credit reports.

24.     Plaintiff provided Defendants all the information necessary for them to ascertain that Plaintiff had won a judgment in his favor and against Defendant Midland in District Court in Blount County, Alabama.

25.     No Defendant was concerned or cared about what the District Court did in the case as no Defendant had any intention of performing a reasonable investigation.

26.     In fact, no Defendant performed any type of reasonable investigation.

27.     Defendant Trans Union notified Defendant Midland in accordance with the FCRA of the dispute by the Plaintiff.

28.     Alternatively, Defendant Trans Union did not properly notify Defendant Midland and, as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendant Midland. This includes notification that Plaintiff won the lawsuit in the District Court.

29.     All Defendants failed to properly investigate these disputes, and if Defendants had properly investigated, the Midland account would have been deleted.

30.     On October 18, 2008, Defendant Trans Union issued the results of its investigation, which shows the Defendant Midland account was "Verified, No Change" with a balance of $6,143, verified in November, 2008.

31.     In addition, Defendant Trans Union's verification of the debts states the debt is a collection account, and it is disputed by the consumer.

32.  Further, the Trans Union report states, "Estimated date that this item will be removed: 02/2011."

33.     All Defendants were provided with more than sufficient information in the disputes and in their own internal sources of information (which includes the knowledge of Defendant Midland through its District Court trial counsel that Plaintiff won the case at trial) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

34.     Defendant Trans Union has proclaimed in the past it was obligated to rely upon whatever the public records state about a consumer.

35.     For example, had Plaintiff not answered the small claims suit and a default judgment was entered, and Plaintiff disputed with the CRAs, Equifax, Experian, and Trans Union would have taken the position that they were bound by the state court judgment which says Plaintiff owes the money.

36.     Defendant Trans Union, however, refused to rely upon what the District Court judge actually rendered in this case, particularly, that Plaintiff Billy Sanders prevailed at trial on the merits.

37.     The verdict for Plaintiff Billy Sanders means the Plaintiff does not owe the money claimed by Defendant Midland.

38.     The District Court's ruling was a final judgment.

39.     This final judgment was not appealed to the Blount County Circuit Court.

40.     There is no avenue for appeal for Defendant Midland of this judgment as the time to appeal has long since passed.

41.     Despite this knowledge, Defendant Trans Union has completely abdicated its obligations under federal and state law and has instead chosen to merely "parrot" whatever its customer, Defendant Midland, has told it to say.

42.     Defendant Trans Union have a policy to favor the paying customer, in this situation Defendant Midland, rather than what the consumer or even a court says about a debt.

43.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to this Defendant.

44.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

45.     Defendant Midland has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant Midland knows no balance is owed.

46.     Defendant Midland promises through its subscriber agreements or contracts to accurately update accounts but Defendant Midland has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the

FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

47.     Defendant Midland has a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

48.     Defendant Midland has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

49.     In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

50.     All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

51.     All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff's disputes.

52.     At all relevant times that the Defendant Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report,

concerning the accounts in question, violating 15 U.S.C. § 1681e(b) and state law.

53.     At all relevant times that the Defendant Trans Union failed to maintain and failed to follow reasonable procedures to assure a reasonable and proper investigation and/or re-investigation of the accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681 and state law.

54.     Defendant Midland  failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

55.     Defendant Midland has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Equifax, Trans Union, and Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

56.     Defendant Trans Union, has failed to maintain Plaintiff's accounts with maximum accuracy and has failed to properly and reasonably investigate the accounts in response to the disputes made by Plaintiff.

57.     Defendant Trans Union failed to properly and reasonably investigate and/or re-investigate Plaintiff's account once it received notice from Plaintiff the account was adjudicated to not be owed by Plaintiff in the Blount County District Court.

58.     The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

59.     It is a practice of Defendant Midland to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

60.     It is a practice of Defendant Trans Union to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

61.     All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

62.     All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

63.     All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

64.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

65.     Defendant Midland violated the FDCPA in numerous ways, including, but

not limited to the following:

a.   Falsely reporting the debt on Plaintiff's credit reports with at least Trans Union when Plaintiff does not owe the money;

b.   Suing the Plaintiff when there was no basis to do so;

c.   Continuing to assert the suit in state court when Defendant Midland knew, or should have known, there was no basis for doing so;

d.   Not informing the Plaintiff of the true amount that was allegedly owed by providing Plaintiff with different amounts regarding the same debt; and

e.   Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Midland is not entitled to collect upon.

66.   The violations of the FDCPA by the Defendant Midland is the proximate cause of Plaintiffs' injuries under the FDCPA due to Defendant Midland's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant Midland for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding, together with interest and the costs of this proceeding.

## COUNT II

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

67.   All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

68.     Defendant TransUnion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

69.     Defendant Midland is an entity which, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

70.     Plaintiff notified Defendant TransUnion directly of a dispute on the Defendant Midland's account's completeness and/or accuracy, as reported.

71.     The credit reporting agencies failed to delete inaccurate information, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes.

72.     Plaintiff alleges that at all relevant times Defendant Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

73.     Plaintiff alleges that all Defendants failed to conduct a proper and lawful reinvestigation. All Defendants were given notice the suit was dismissed with prejudice but apparently failed to review the court file, contact the District Court, and/or contact counsel for Defendant Midland.

74.     All actions taken by the Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

75.     All Defendants violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding, together with interest and the costs of this proceeding.

## COUNT III

## DEFAMATION

76.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

77.     Defendant Midland published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed".

78.     Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

79.     Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

80.     Plaintiff has been damaged as a proximate result of Defendant Midland's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Midland for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding, together with interest and the costs of this proceeding.

## COUNT IV

## INVASION OF PRIVACY

81.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

82.    Defendant Midland recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

83.    Plaintiff has been damaged as a proximate result of Defendant Midland's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Midland for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding, together with interest and the costs of this proceeding.

## COUNT V

## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

84.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

85.    Defendant Midland has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

86.    Defendant Midland has agreed to follow and understands it must follow the requirements of the FCRA.

87.    Defendant Midland has a duty under Alabama law to act reasonably under

the circumstances.

88.     Defendant Midland has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies.

89.     Defendant Midland violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

90.     Defendant Trans Union violated their duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as these Defendants refused to comply with all the duties these Defendants had or owed to Plaintiff.

91.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding, together with interest and the costs of this proceeding.

s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**

s/Wesley L. Phillips
OF COUNSEL

Plaintiff's Address:
Billy J. Sanders
336 Campbell Road
Locust Fork, Alabama 35097

## PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:

Midland Credit Management, Inc.
c/o CSC Lawyers Incorporating Service
2730 Gateway Oaks Drive, Suite 100
Sacramento, California 95833

Trans Union, LLC
c/o Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL 36104

2009 7:04 PM
CV-2009-900038.00
CIRCUIT COURT OF
BLOUNT COUNTY, ALABAMA
MIKE CRISWELL, CLERK

## IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

| | | |
|---|---|---|
| BILLY J. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC. | ) | |
| and TRANS UNION LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO: **Midland Credit Management, Inc.**
**c/o CSC Lawyers Incorporating Service**
**2730 Gateway Oaks Drive, Suite 100**
**Sacramento, California 95833**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Court of Blount County, 220 Second Avenue East, Oneonta, Alabama 35121.

_____
Clerk of Court

Dated: _____

2009 7:04 PM
CV-2009-900038.00
CIRCUIT COURT OF
BLOUNT COUNTY, ALABAMA
MIKE CRISWELL, CLERK

## IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

| | |
|---|---|
| **BILLY J. SANDERS,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| | ) |
| **vs.** | )    **Case No.:** _____ |
| | ) |
| **MIDLAND CREDIT MANAGEMENT, INC.** | ) |
| **and TRANS UNION LLC,** | ) |
| | ) |
|    **Defendants.** | ) |

## <u>SUMMONS</u>

     This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**      **Trans Union, LLC**
                          **Prentice-Hall Corporation System Inc**
                          **150 S. Perry St.**
                          **Montgomery, AL 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Court of Blount County, 220 Second Avenue East, Oneonta, Alabama 35121.

 

_____
                                Clerk of Court

Dated: _____

## IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

| | |
|---|---|
| BILLY J. SANDERS, | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) Case No.: _____ |
| | ) |
| MIDLAND CREDIT MANAGEMENT, INC. | ) |
| and TRANS UNION LLC, | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT MIDLAND CREDIT MANAGEMENT, INC

COMES NOW Plaintiff Billy Sanders, by and through his undersigned counsel, and hereby requests that Defendant Midland Credit Management, Inc. (also referred to as "you," "your," and "this Defendant"), answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests this Defendant attach a copy of each and every document referred to in any of the interrogatories or in this Defendant's responses thereto or that this Defendant states the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

**NOTE:** These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

I.   **INTERROGATORIES:**

1.   State whether this Defendant's name is correctly is stated in the complaint filed in this case. If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response

to these interrogatories.

**RESPONSE:**

2.      State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

a.      State the address of all business locations of this Defendant;
b.      Describe    the    nature    of    this    Defendant's    business.

**RESPONSE:**

3.      Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

(a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**


      4.       Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**RESPONSE:**


      5.       State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your database and that such information is accurately reported to the credit reporting agencies, including Equifax, Experian, and Trans Union.

**RESPONSE:**


      6.       For each request for admission to which you did not give an unqualified "admitted," please state in detail the basis for each such refusal to admit and identify all documents which relate to your refusal to admit.

**RESPONSE:**


      7.       Explain in detail why you pulled Plaintiff's credit reports.

**RESPONSE:**

8.      What is your policy and procedure for pulling credit reports? Identify and produce

all related documents, including memos, emails, policy and procedure books or guidelines, etc.

**RESPONSE:**


9.      Identify all documents in your possession that you claim are privileged,

identifying the types of documents, dates of documents, subject matter of the documents, authors and

recipients of the documents, and the applicable privilege.

**RESPONSE:**


10.     State the name and address of each and every witness expected to be called at the

trial of this action.

**RESPONSE:**


11.     State how many credit reports of consumers in Alabama did you pull in 2007 and

how many in 2008?

**RESPONSE:**


12.     For each affirmative defense identify all documents, facts, or witnesses that

support each such defense.

**RESPONSE:**


13.     State the name and address of each and every expert witness expected to be called

at the trial of this action.  Include in your answers any and all opinions, and the basis for such

opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**


**II.    PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

1.      Admit or deny that Plaintiff did not give you permission to pull Plaintiff's credit reports.

**RESPONSE:**

2.      Admit or deny you told Trans Union that Plaintiff had given you permission to pull his credit reports.

**RESPONSE:**

3.      Admit or deny that you knew that pulling Plaintiff's credit reports would adversely affect Plaintiff's credit worthiness.

**RESPONSE:**


**III.   REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      Please produce all documents evidencing, relating, referencing, and/or involving communications between you and any of the other defendants which regarded or in any way referenced Plaintiffs and/or any of Plaintiffs' personal identifiers.

2.      Produce all documents that reference, relate, and/or refer in any way to the Plaintiffs.

3.      Produce all documents evidencing, relating, referencing, involving and/or constituting communications between you and Plaintiff or anyone acting on or purporting to act on

Plaintiff's behalf.

4.      Produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in pulling credit reports during each of the years: 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

5.      Produce your policy manuals, procedure manuals, or other documents, which reference, constitute, evidence, and/or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

6.      Produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants and with any consumer reporting agency from which you pulled credit reports on Plaintiff.

7.      Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

8.      Produce your documents which evidence, reference, relate, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

9.      Produce your documents and/or correspondence in your, or your attorney's, possession that evidence, refer to, and/or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include letters between you and your attorney.

10.     Produce copies of your documents evidencing, relating to, and/or referencing

telephone messages, log books and/or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

11.    Produce any and all documents which evidence, relate, and/or refer in any manner to the Plaintiff or any of Plaintiff's accounts.

12.    Produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.


         s/Wesley L. Phillips
         Wesley L. Phillips (PHI053)
         Attorney for Plaintiff


OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
Email: wlp@wphillipslaw.com



**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**

2009 7:04 PM
CV-2009-900038.00
CIRCUIT COURT OF
BLOUNT COUNTY, ALABAMA
MIKE CRISWELL, CLERK

# IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

| | | |
|---|---|---|
| BILLY J. SANDERS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No.: _____ |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC. | ) | |
| and TRANS UNION LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT TRANS UNION LLC

COMES NOW Plaintiff Billy Sanders, by and through his undersigned counsel, and hereby requests that Defendant Trans Union LLC (hereinafter, collectively, "you," "your," and/or "this Defendant"), answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests these Defendants attach a copy of each and every document referred to in any of the interrogatories or in these Defendants' responses thereto or that these Defendants state the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

**NOTE:** These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

## I.    INTERROGATORIES:

1.    State whether this Defendant's name is correctly is stated in the complaint filed in this case. If not, state the correct way this defendant should be designated as a party defendant in

the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

2.      State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

a.      State the address of all business locations of this Defendant;

b.      Describe the nature of this Defendant's business.

**RESPONSE:**


3.      Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

(a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**

4.     Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, as well as any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**RESPONSE:**

5.     Please state whether you received any requests from Defendant Midland Funding related to pulling Plaintiff's credit reports in connection with your response, please identify the dates of such requests, the manner of the requests, the identifying data connected with the requests, and explain and describe the reasons you allowed Defendant Midland Funding to have access to Plaintiff's credit reports.

**RESPONSE:**

6.     State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your consumer credit database and consumer reports you issued and to ensure credit pulls are only allowed when the company desiring to make the pull has a permissible reason.

**RESPONSE:**

7.     If any document that is or would have been responsive to Plaintiff's Requests for Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the document, state the date of and reason for its destruction, and identify all persons having knowledge of its contents and/or the reason for its destruction.

**RESPONSE:**

8.     Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

**RESPONSE:**

9.     If any document responsive to Plaintiff's Request for Production of Documents to you is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withholding production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

**RESPONSE:**

10.     Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the

events which are the subject(s) of any defense(s) you have raised to this lawsuit.

**RESPONSE:**


11.     If your answer to any Request for Admission is anything other than an unqualified "Admit," then explain in detail each and every reason for your answer to each Request for Admission that you did not give an unqualified admission, identifying all persons and documents.

**RESPONSE:**


12.     State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**


13.     State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**


14.     State the name, address, phone number, and employer of each and every person known by you to have any knowledge whatsoever of matters related, referencing, or pertaining to the events made the basis of this lawsuit.

**RESPONSE:**

15.     State whether, in the past ten years, you have been named a party defendant in any other lawsuit involving claims or allegations you violated the Fair Credit Reporting Act (15 U.S.C. §1681, et. seq.) with regard to properly conducting an investigation of a disputed account and/or improperly reporting accounts.  If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

**RESPONSE:**

16.     State whether, in the past ten (10) years, you have been involved in any other legal action, either as a defendant or a plaintiff where allegations were raised concerning improper use of personal or financial data or credit report access issues were involved? If so, please state:

> a) The date and place each such action was filed identifying the other party or parties involved, the docket number of such actions, and the names of the attorneys representing each party;
>
> b) A description of the nature of each such action; and
>
> c) The result of each such action whether there was an appeal, and the result of the appeal, and whether such case was reported and the name, volume number, and page citation of the report.

**RESPONSE:**

17.     State and fully describe the maintenance of all procedures utilized by you to avoid violation of the Fair Credit Reporting Act, including, but not limited to, all documents regarding

this Defendant's compliance or noncompliance with the FCRA.

**RESPONSE:**


**II.    PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

1.    Admit or deny that you followed all policies and procedures for allowing Defendant Midland Credit to pull Plaintiff's credit reports.

**RESPONSE:**

2.    Admit or deny you intended that other persons or entities would see the credit pulls by Defendant Midland Credit if such other persons or entities reviewed Plaintiff's credit report maintained by you.

**RESPONSE:**

3.    Admit or deny the credit pulls by Defendant Midland Credit do not improve Plaintiff's credit history.


**RESPONSE:**

4.    Admit or deny the credit pulls by Defendant Midland Credit lower Plaintiff's credit score using your credit scoring formula.

**RESPONSE:**

5.    Admit or deny you have not yet deleted the inquiries of Midland Credit from Plaintiff's credit reports.

**RESPONSE:**

6.    Admit or deny the Plaintiff does not have a choice on whether you will maintain a credit report on him.

**RESPONSE:**

### III.   REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Please produce all documents evidencing, relating to, and/or involving communications between you and any of the other defendants, in which the communication in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

2.      Produce each and every document that refers to the plaintiff.

3.      Please produce all documents evidencing, relating to, and/or involving or constituting communications between you and the plaintiff or anyone acting on or purporting to act on the plaintiff's behalf.

4.      Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in allowing credit pulls during each of the years: 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

5.      Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

6.      Please produce your contract, documents, manuals, and/or all recorded data in whatever medium or form concerning  your subscriber relationships with all other defendants.

7.      Please provide a complete audit trail of any document(s), computer(s), or other data held by you which indicate, address, and/or discuss modifying and/or amending any information regarding Plaintiff reported by you.

8.      Please produce your documents evidencing, relating, referencing, constituting

and/or containing your subscriber contracts, subscriber names, subscriber codes, personal

identification numbers, reporting policies, means and procedures and/or access codes and specify

what time periods such contracts, names, codes, personal identification numbers and/or access

codes were used or made available to you by any party to this case.

      9.     Please produce your documents which evidence, relate, reference, constitute

and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

      10.    Please produce all documents and/or correspondence in your, or your attorney's,

possession that refer to or relate to any facts which you believe may have any bearing upon this

lawsuit or any defenses you have raised in this lawsuit, not to include any privileged letters

between you and your attorney.

      11.    Please produce copies of your documents evidencing, relating, referencing,

constituting and/or containing telephone messages, log books or other regularly maintained

records by you which contain information about communications between you and Plaintiff

and/or any other defendant in this action and/or any consumer reporting agency or furnisher or

government bureau or any Better Business Bureau.

      12.    Please produce all documents in your custody, control, or possession evidencing,

relating, referencing, constituting and/or which refer in any manner to Plaintiff or any of

Plaintiff's accounts.

      13.    Please produce any and all documents identified, relied upon, and/or referred to by

you in your responses to Plaintiff's interrogatories.

                         s/Wesley L. Phillips

                       Wesley L. Phillips (PHI053)

                       Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com


**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**